THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ALFONSO REYES, *alias* MECO, Defendant and Appellant.

No. 5785.   Argued November 21, 1935.—Decided December 6, 1935.

*Luis F. Camacho* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Alfonso Reyes, *alias* Meco, was charged before a municipal court with having assaulted and battered Camilo Lugo Texidor with a resolver, inflicting a bullet wound in the abdomen.   Upon being tried *de novo* before the District Court of Guayama, he was convicted of said offense of aggravated assault and battery and sentenced to pay a fine of $50 and, in default thereof, to be confined in jail one day for each dollar left unpaid.   The defendant took an appeal from that judgment, urging as an only error that the judgment is contrary to the law and the evidence.   In support of this assignment he says that the evidence shows that the appellant wounded Camilo Lugo in self-defense.

The evidence for both parties agrees in that on the night referred to in the complaint, Camilo Lugo while intoxicated entered a small café (*cafetín*) belonging to the appellant; that he asked the latter to give him a cigarette and some rum, and that upon Meco answering that what he had was for sale, Lugo uttered insulting words against Meco and challenged him to come out on the street, which the appellant did, together with his son named Mequito, who fought Lugo; that Meco then went into the shop and seized a

revolver with which he fired two shots at Lugo, wounding him in the abdomen. Domitila Ocasio and Andrés Porrata were witnesses for the prosecution. The former testified that stones were thrown; the latter stated that he hid himself behind a door of the small café because he feared that stones would be thrown; that he heard them being thrown and when the throwing ceased, he heard two shots. The witnesses for the defense stated that after the fight between Mequito and Lugo was over the father of the former had entered the café, and Lugo cast several stones at him, hitting him on an arm and a leg, after which Meco fired the two shots. Meco was examined the next day by a minor surgeon who found that he had received a blow in a leg and another in an arm, caused by a blunt object.

In the instant case, there was no conflict in the evidence to be adjusted by the lower court, since the testimony of the witnesses for the defense as to the stone-throwing was not contradicted by the witnesses for the prosecution, for none of these denied that such a thing happened. It rather appears to be true, for two of the witnesses for the prosecution stated that stones had been thrown. Therefore, it must be held as proved that after Mequito and Lugo fought, the latter threw stones into the establishment hitting Meco, who then fired his revolver at Lugo and wounded him.

We do not think that the facts which occurred were sufficient to justify the appellant in using his revolver against an intoxicated person who cast stones at his shop. The attack of the appellant was out of proportion with that of Lugo, the more so as Meco accepted Lugo's challenge to fight, his place being taken by his son, and he then entered the shop in order to get his revolver, which he used after the fight was over and Lugo had cast the stones. The cases of *People v. Campán,* 34 P.R.R. 102, and *People v. Chico,* 45 P.R.R. 486, which the appellant cites in support of his contention, are distinct from the case at bar, for in the first-cited case

Campán did everything in his power to avoid assaulting Torres and used his revolver only after Torres had stricken him at the same time that another person was attempting to hit him with a chair. In the other case cited Chico was attacked by Ortiz who struck him in an eye, and then attempted to go behind the counter to the place where Chico was, between the counter and the shelves, at which moment he fired his revolver.

The judgment appealed from must be affirmed.